**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4943**

---

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

TIMMOY ELLIS, a/k/a Tim, a/k/a James Ben Ross,
a/k/a Olpbeck Omar Davis,

                                   Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:04-cr-00131-CMC-2)

---

Submitted:  September 28, 2007      Decided:  November 1, 2007

---

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina,
for Appellant.  Leesa Washington, OFFICE OF THE UNITED STATES
ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timmoy Ellis appeals his conviction and sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (2000). Ellis' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel claims on appeal that the district court erred in enhancing Ellis' base offense level pursuant to U.S. Sentencing Guidelines Manual § 2D1.1. Ellis filed a supplemental pro se brief raising three issues: (1) the district court erred in denying him an evidentiary hearing; (2) his plea agreement was invalid; and (3) he was improperly sentenced. Finding no reversible error, we affirm.

Ellis asserts the district court erred in denying him an evidentiary hearing on his 28 U.S.C. § 2255 (2000) motion. This issue is not properly before the court in this criminal appeal, and we decline to consider it for that reason. In any event, we note that Ellis received the relief he requested in his § 2255 proceeding. Thus, Ellis can claim no prejudice on account of the disposition of his motion without an evidentiary hearing.

Ellis next claims his plea agreement was illegally induced with an oral promise of a five-year sentence. Because Ellis did not move in the district court to withdraw his guilty

- 2 -

plea, any error committed during the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002). A defendant's statements at a guilty plea hearing are presumed to be true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Unsupported subsequent allegations are insufficient to overcome representations at the hearing. Id. at 74; see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (stating defendant's statement at Fed. R. Crim. P. 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea"); Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding statements made at plea hearing that facially demonstrate plea's validity conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

At Ellis' plea hearing, he testified he read and discussed the plea agreement with counsel. When asked by the court, Ellis responded no one had made promises about his sentence other than what was in the plea agreement. He also indicated his understanding when told by the court that the probation officer may recommend another sentence after the presentence investigation and that any departures could not be appealed. We therefore find his guilty plea was knowing and voluntary.

Finally, Ellis contends his sentence was improper. He specifically objects to a two-level dangerous weapon enhancement

and claims he was not given the opportunity to review the presentence report prior to sentencing. Because these claims were not asserted in the district court, we review for plain error.

We conclude that Ellis' challenges to his sentence are belied by the record. First, Ellis testified at his rearraignment that he had read and fully understood the plea agreement, which explicitly provided that other conduct in which he had engaged, including the commission of other, similar criminal offenses, could be considered by the district court as relevant conduct for sentencing purposes. Second, Ellis unambiguously testified at the sentencing hearing that he read the presentence report and had no objections to its contents. We therefore find no sentencing error.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ellis' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>